# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:18-CV-00340-KDB

| | |
|---|---|
| STEPHEN ROWE,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner,<br>Social Security Administration,[1]<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Stephen Rowe's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 15), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for a period of disability, disability insurance benefits and supplemental security income.

Having reviewed and considered the written arguments, administrative record and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Rowe filed an application for a period of disability, disability insurance benefits and supplemental security income on January 23, 2012, alleging disability beginning December 4, 2010. These applications were eventually denied by an Administrative Law Judge in a decision

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

dated January 10, 2013, which Rowe unsuccessfully appealed to the Appeals Council. Following an appeal to the United States District Court for Western District of North Carolina, the District Judge remanded the case to the Commissioner for further consideration in an order dated December 4, 2014. In an order dated January 30, 2015, the Appeals Council vacated the January 10, 2013 Administrative Law Judge decision and remanded the case to an Administrative Law Judge for additional proceedings, instructing the ALJ to consolidate the initial applications with subsequent applications that Rowe had filed for Titles II and XVI benefits in April 2014.

Rowe then had a hearing before ALJ Valorie Stefanelli (the "ALJ") on January 7, 2016, who denied the consolidated applications in a decision on April 28, 2016. (Tr. 435-456). Rowe then filed for a review of the ALJ's decision with the Appeals Council, which denied review on April 28, 2018. (Tr. 410-413). The ALJ's decision stands as the final decision of the Commissioner, and Rowe has now requested judicial review in this Court pursuant to 42 U.S.C. § 405(g).

For the reasons stated below, the Court affirms the decision of the Commissioner.

## II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if Rowe had a "disability" under the law during the relevant period.[2] The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets

---

[2] For the purposes of title II of the Act, "disability" means "the inability to do any substantial gainful activity [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

2

the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

*Radford v. Colvin*, 734 F.3d 288, 290-91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof in the first four steps. *Pearson v. Colvin,* 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. *See id.*; *see also* 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

The ALJ found at step one of the sequential evaluation that Plaintiff had not engaged in SGA during the period from his onset date of December 4, 2010 through the date of her decision.[3] (Tr. 456). At step two, the ALJ determined that Plaintiff had severe, medically determinable impairments, specifically, "right shoulder degenerative joint disease, unspecified anxiety disorder rule out substance induced mood disorder and substance use disorder (20 CFR 04.1520(c) and 416.920(c))." (Tr. 441).

The ALJ then found at step three that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 443-444). In so concluding, the ALJ discussed in detail why Rowe's impairments did not meet the requirements of Listing 1.00B2b (regarding the disease in his right shoulder, "this condition does not result in an inability to perform fine and gross movements effectively") or Listings 12.06 and 12.09 related to his mental impairments (the mental impairments did not "result in at least one extreme or two marked

---

[3] Plaintiff remained insured through December 31, 2015.

limitations in a broad area of functioning;" rather, Rowe had "mild" or "moderate" limitations in several areas. Further, he did not show "repeated episodes of decompensation, each of extended duration."). (Tr. 443-444).

After step three, the ALJ determined Rowe's residual functional capacity ("RFC") and discussed at length why he came to that conclusion. (Tr. 444-454). The ALJ found that Rowe had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for climbing ladders, ropes or scaffolds; engaging in more than occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching or crawling; engaging in more than occasional pushing, pulling and reaching in all directions with the right upper extremity; and concentrated exposure to workplace hazards such as heights or dangerous equipment. Additionally, the claimant is limited to performing simple, routine and repetitive tasks with occasional decision-making and only occasional changes to work duties.

(Tr. 444).

The ALJ then found at step four that Rowe is unable to perform his past relevant work as a retail store manager, pipe fitter and foreman-laborer, crew supervisor. (Tr. 454). Finally, at step five, the ALJ found that Plaintiff — given his age on the alleged disability onset date (32), limited education, work experience and RFC — could perform jobs that existed in significant numbers in the national economy, such as a "ticket taker," "usher," and "page." (Tr. 455). Accordingly, the ALJ concluded that Rowe "has not been under a disability, as defined in the Social Security Act, at any time from December 4, 2010, the alleged onset date, through [April 28, 2016, the date of the ALJ's decision]." (Tr. 456).

## III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing

court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Rowe raises two primary arguments in requesting that this Court remand his claim for further consideration. First, he argues that the ALJ's RFC assessment was "incomplete and unexplained," failing to satisfy the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Second, he claims that the Appeals Council should have vacated the ALJ's decision based on new evidence that he contends "contradicts" the ALJ's findings. As discussed below, the Court finds that the ALJ's RFC assessment was supported by substantial evidence and a sufficient explanation, and that the Appeals Council did not err in declining to vacate the ALJ's decision based on new evidence.

### A. The RFC

Rowe argues the ALJ found "Rowe has moderate limitations in his concentration, persistence, or pace and mild limitations in social functioning, but she omitted from her RFC assessment any limitation in social functioning and didn't fully consider limitations in persistence or pace without explaining why she excluded those limitations." The Court disagrees.

With respect to social functioning, the ALJ found that Rowe had "mild" difficulties (Tr. 443) and specifically included an additional limitation in the RFC that there could be "only occasional changes to his work duties" to take into account Rowe's social functioning limitations ("Due to his difficulties dealing with stress and changes, he is limited to occasional changes in his work duties.") (Tr. 454). Similarly, with respect to limitations related to persistence and pace, the ALJ took into account those limitations and limited Rowe to performing "simple, routine, repetitive tasks with occasional decision-making" in the RFC ("Furthermore, the cumulative

6

effects of the claimant's mental impairments and associated moderate limitation in concentration, persistence, and pace prevent him from performing the highly detailed and complex tasks required of "skilled" work but does not prevent him from simple, routine and repetitive tasks involving occasional decision-making"). (Id.)

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R §§ 404.1546(c) & 416.946(c). In formulating an RFC, the ALJ is not required to discuss each and every piece of evidence. *See Reid v. Comm'r of Soc. Sec.,* 769 F.3d 861, 865-66 (4th Cir. 2014). In making that assessment, the ALJ, however, must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling (SSR) 96-8p at *2. A "function-by-function" analysis is not, however, an absolute requirement to be applied in all circumstances.

Plaintiff alleges that the ALJ's RFC does not comply with *Mascio* and the relevant social security regulations, 20 C.F.R. §§ 404.1527(e)(2)(i), (ii); 416.927(e)(2)(i), (ii) (2018), because she failed to evaluate and weigh all agency opinions and address Rowe's ability to "stay on task." First, contrary to Plaintiff's argument, *Mascio* does not stand for the proposition that remand is automatically warranted when an ALJ finds a moderate limitation in CPP but fails to provide a detailed analysis of a plaintiff's ability to stay on task. *Holbrook v. Berryhill*, 2018 WL 325244, at *4, No. 3:16-cv-00713 (W.D.N.C. Jan. 8, 2018). So long as an ALJ's RFC assessment is supported by substantial evidence in the record, and other inadequacies in the ALJ's decision do not frustrate meaningful review, an ALJ has met his *Mascio* duty. *Mascio*, 780 F.3d at 636 ("[R]emand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."). Remand for lack of discussion is appropriate only if the ALJ's

opinion is "'sorely lacking' in a manner that 'frustrates meaningful review.'" *Hubbard v. Berryhill*, No. 3:17-CV-677, 2018 WL 3744017, at *6 (W.D.N.C. Aug. 7, 2018) (quoting *Ponder v. Berryhill*, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017)).

The ALJ's detailed opinion discusses at length her analysis of Rowe's functional ability to perform light work with the restrictions incorporated into the RFC and otherwise allows for meaningful review. For example, the ALJ found that "the claimant has not met his burden of establishing that he is unable to perform other work functions, including standing, sitting, or walking for 6 to 8 hours in a work day," (Tr. 454) and noted a treating physician's conclusion that claimant's "pain and other symptoms would … only occasionally interfere with the attention and concentration to perform simple work tasks" (along with the finding that such a conclusion was supported by the preponderance of the medical evidence as well as Rowe's activities of daily living). (Tr. 453).[4] Therefore, the ALJ fully complied with *Mascio*, in which, unlike in this case, the ALJ gave no mention of plaintiff's ability to remain on task. *Mascio*, 780 F.3d at 638.

In addition, even though the ALJ did not expressly discuss all the opinions of the Agency consultants, the absence of such a discussion does not require a remand of her decision. *See Reid*, 769 F.3d 861, 865-66 (In developing an RFC, an ALJ is not required to discuss each and every piece of evidence). Also, it is clear that the ALJ fully considered the substance of the Agency opinions that Rowe contends were ignored. Rowe asserts that "the most recent Agency consultants found that Rowe's affective disorder and anxiety disorder were severe, and they determined that Rowe is moderately limited in his daily activities, social functioning, and concentration,

---

[4] Elsewhere in the decision the ALJ noted that "[i]n April 2015, [Rowe] had been mowing lawns uphill for a couple of days" and "he reported significant right shoulder pain after pushing a couch." (Tr. 451).

persistence, or pace." As discussed above, the ALJ found that Rowe was "moderately" limited in concentration, persistence and pace and also addressed his social limitations.[5] So, despite the lack of any specific reference to these "later" Agency opinions, the ALJ's findings already reflect the limitations that Rowe argues were not taken into account.

Again, it is not for the Court to independently weigh the medical evidence to determine if it would reach a different conclusion than the ALJ. Rather, the Court's role is only to determine if there is "substantial evidence" to support the ALJ's conclusion. Based on the evidence discussed above as well as the other evidence of record referenced by the ALJ, the Court finds there is substantial evidence to support the ALJ's findings and conclusions with respect to her RFC assessment.

### B. The Appeal Council's Decision not to Vacate the ALJ's Decision based on "New Evidence"

Plaintiff's second challenge is his allegation that the Appeals Council was required to vacate the ALJ's decision based on new evidence. Rowe contends that the new evidence submitted to the Appeals Council "consisted of objective evidence of Rowe's worsening right shoulder condition, including the need for surgery on his shoulder that occurred after his hearing and prior to the ALJ's decision, as well as follow up records into 2017 showing increased post-surgical problems and continuing severe pain and limitations." Rowe argues that these records "substantiate that Rowe's shoulder impairment was more limiting than previously assessed and conflict with the ALJ's decision." In response, Defendant argues that the Appeals Council correctly decided that

---

[5] The Court notes that with respect to "social functioning," the Agency opinion stated, "Clmt may get irritated easily, however, he should be able to interact adequately with others, and he should be capable of adapting to the routine interpersonal demands of work in general." (Tr. 820).

9

the new evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision. The Court agrees with the Defendant.

The Appeals Council is required to consider new and material evidence when deciding if they will grant review of the ALJ's decision. *Parham v. Comm'r of Soc. Sec.*, 627 F. App'x 233 (4th Cir. 2015). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir.2011). New and material evidence "need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time." *Outlaw v. Colvin*, No. 5:11-CV-647-FL, 2013 WL 1309372, at * 2 (E.D.N.C. Mar. 28, 2013) (citing *Wooldridge v. Bow*en, 816 F.2d 157, 160 (4th Cir. 1987)).

The treatment records in question relate to Plaintiff's right shoulder impairment. (Tr. 412). The Appeals Council reviewed proffered treatment records from Carolinas Medical Center (February 2, 2016)(2 pages); Perry and Cook Orthopedics and Sports Medicine (February 17, 2016 through March 29, 2016)(81 pages); Sports Medicine and Injury Care (December 25,2015)(5 pages); Charlotte Radiology (February 2, 2016)(4 pages); Concentra Urgent Care (December 10, 2010 through January 18, 2011)(25 pages); Carolinas Psychiatry and Behavioral Wellness (January 14, 2015)(8 pages); and Carolina Pain Associates (February 5, 2015 through December 3, 2015)( 42 pages) (Tr. 412). However, after reviewing this material, the Appeals Council found that this evidence does not show a reasonable probability that it would change the outcome of the decision, and thus did not further consider this evidence. *Id*.

In her decision, the ALJ discussed at length how the medical evidence established the seriousness of Rowe's shoulder disease and limitations, (Tr. 445-453), and the ALJ concluded that the scope of Rowe's RFC would be limited accordingly. Thus, even a "worsening" of Rowe's shoulder problems would not change the ALJ's final finding that Rowe could perform a number of light duty jobs, including ticket taker, usher and page. Indeed, the ALJ specifically asked the Vocational Expert if a hypothetical employee could perform all of those jobs even if one of his or her arms was in a sling for a substantial portion of the work day, and the Vocational Expert responded that an individual would still be able to perform the jobs. Therefore, the new evidence offered by Rowe was similar to evidence that had already been presented to the ALJ and would not have changed the ALJ's ruling, which already takes into account the fact that Rowe has significant problems with his shoulder.

In sum, the Court does not find that the Appeals Council erred in denying Rowe's request to remand his disability applications back to the ALJ based on new evidence.

## IV. CONCLUSION

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The decision of the ALJ, therefore, is hereby **AFFIRMED,** Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED.**

Signed: November 12, 2019

Kenneth D. Bell
United States District Judge